PEDRO LORENZANO RIVERA, Petitioner and Appellant, *v.* SIXTO M. SALDAÑA, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellee.

No. 8443. Argued January 26, 1942.—Decided February 3, 1942.

*Pedro Lorenzano Rivera pro se. George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The prosecuting attorney of this court, on the ground that the notice of appeal was not served on the district attorney, has filed a motion to dismiss the appeal taken by the prisoner from the judgment rendered by the District Court of San Juan on September 26, 1941, denying his petition for *habeas corpus.* The prisoner opposed the motion and alleged that the notice of appeal had been served on the district attorney. He calls attention to the contents of pages 23 and 24 of the judgment roll.

There is transcribed on said pages the notice of appeal which concludes as follows: "and at the same time the Hon. District Attorney is hereby notified of the appeal taken as prescribed by Section 350 of the Code of Criminal Procedure."

On the day set for the hearing of the motion, the respondent only appeared through the prosecuting attorney of this court. The appellant prisoner failed to appear but filed an affidavit of Georgina Mercado Lorenzano which in its pertinent part reads as follows:

"That on October 3, 1941, I called at the Office of Attorney Fernando Gallardo Díaz, who is at present District Attorney of the District Court of San Juan, P. R., and personally delivered to him a copy of the original notice of appeal, filed in the same court in case No. 38,097, Pedro Lorenzano Rivera v. Sixto M. Saldaña, decided against the former by the Hon. District Court of San Juan, P. R., which copy was delivered to the district attorney as official notice of the said appeal in said case."

As it was stated by the prosecuting attorney of this court that he had been advised by the district attorney that he had not received the notice, one day was allowed to said officer for filing the proper affidavit. He did so, and from the affidavit the following appears:

"I, Fernando Gallardo Díaz, being duly sworn, state: That my name is as above shown, and I am the District Attorney of the District Court of San Juan, which office I held on October 3, 1941.

"That it is customary for me to sign every notice of appeal served on me in the ordinary course of business as such district attorney.

"That according to my best recollection and the records of my office, I have not been served with the notice of appeal in this case."

■ Section 4 of the special law on the matter—approved in 1903 (Session Laws, p. 102), and reproduced at the foot of Section 500 of the Code of Criminal Procedure, 1935 ed., p. 329—authorizes a prisoner who has been denied a writ of *habeas corpus* to appeal from such denial to this court "by giving written notice to the court or judge making the order appealed from and to the adverse party."

It is, therefore, an indispensable requisite to notify the district attorney, he having represented the adverse party in the court *a quo*.

■ The recitals contained in the body of the notice of appeal are insufficient to prove that the notice was served but they clearly show that the appellant prisoner meant to do so. If credence is given to the affidavit of Georgina Mercado Lorenzano, this would be sufficient to hold that the

notice was not only intended to be served but that it was actually served.

█ The difficulty lies in the fact that the said affidavit has been contradicted by the district attorney. Can such difficulty' be overcome?

After carefully considering all the attendant circumstances, and as the fact of the service of the notice may not have sufficiently impressed the memory of an officer so busy and necessarily so engrossed in his work as is the district attorney, to enable him to recall such fact, we think that the prisoner should be given the benefit of the doubt, especially since the statement made by the district attorney does not absolutely exclude the possibility that he may have been served with such notice.

An extreme case is involved herein, and we should not be understood as unreservedly believing the evidence submitted to prove that the notice was actually served; but the judgment roll is already on file and the appeal ready for hearing and it seems the proper thing to determine the same on its merits. The question involved in the case is one of law and can be studied by the prosecuting attorney in a brief time. It affects not only the petitioner herein but every prisoner, since it concerns credits of time on sentences on account of good behavior, and it is well to decide the same on the merits without delay.

The motion to dismiss will be denied and the appeal set for hearing as soon as possible.